**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>BERNARDO BALDERAS,<br><br>Defendant - Appellant. | No. 12-50431<br><br>D.C. No. 3:08-cr-00514-JAH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Bernardo Balderas appeals from the district court's judgment and challenges

the 18-month sentence imposed upon revocation of supervised release.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Balderas contends that the district court erred by failing to explain its

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sentence sufficiently in light of the 18 U.S.C. § 3583(e) sentencing factors and to respond adequately to his arguments in mitigation. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 & n.3 (9th Cir. 2010), and find none. The record reflects that the court considered Balderas's arguments in mitigation, and its explanation of the sentence imposed was legally adequate. *See* 18 U.S.C. § 3553(c); *United States v. Carty*, 520 F.3d 984, 992-93, 995 (9th Cir. 2008) (en banc).

Balderas also contends that the district court imposed a substantively unreasonable sentence by giving too much weight to his breach of trust and too little weight to mitigating factors. The district court did not abuse its discretion in imposing Balderas's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The consecutive sentence at the low-end of the Guidelines range is substantively reasonable in light of the totality of the circumstances and the section 3583(e) factors, including the fact that Balderas was convicted of importing methamphetamine while he was on supervised release in connection with a prior conviction for importing marijuana. *See* U.S.S.G. § 7B1.3(f); *Gall*, 552 at 51; *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

**AFFIRMED.**